IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARY E. PEASE, | : | Case No. 3:12-cv-43 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THE CASE BE CLOSED**

This is a Social Security disability benefits appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff Mary Pease ("Plaintiff") not "disabled" within the meaning of the Social Security Act and therefore unentitled to Disability Insurance Benefits ("DIB").

This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 12), Plaintiff's Reply (doc. 13), the administrative record (doc. 6),[2] and the record as a whole.[3]

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID.

[3] On July 17, 2012, Plaintiff's counsel filed a Suggestion of Death, which indicates Plaintiff died on June 30, 2012. Doc. 9. Counsel's filing also notes that Plaintiff's son, Jason Kinstle, is the interested party in this appeal. *Id.* The Court accepts counsel's filing as a motion to satisfy Fed. R. Civ. P. 25(a)(1) and, as such, this appeal may proceed even though Plaintiff is deceased. Nevertheless, the Court has elected to keep the caption of this case as originally pled. The Court also notes that neither side suggests Plaintiff's death was caused by, or in any way related to, the impairments here at issue. *See* docs. 8, 12, 13. Nor is there a suggestion before the Court that post-hearing medical evidence, regarding Plaintiff's death or otherwise, merits a Sentence Six remand for further consideration. *See, generally, Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Accordingly, the Court proceeds

## I. BACKGROUND

### A. Procedural History

Plaintiff filed an application for DIB in June 2007, asserting that she has been under a "disability" since April 20, 1999. PageID 221-32. Plaintiff claims she is disabled due to diabetes, asthma, chronic obstructive pulmonary disease ("COPD"), back pain, and mental problems. PageID 197, 636-42.

Following initial administrative denials of her application, an administrative hearing was conducted before ALJ Amelia Lombardo on March 26, 2010. PageID 73-106. On July 9, 2010, ALJ Lombardo issued a written decision, concluding that Plaintiff's impairments did not constitute a "disability" within the meaning of the Social Security Act. PageID 56-67.

Specifically, the ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

2. The claimant has not engaged in substantial gainful activity since April 20, 1999, the alleged onset date (20 CFR § 404.1571 *et seq.*).

3. The claimant has the following severe impairments: (1) diabetes mellitus; (2) COPD; (3) anxiety; (4) depression; and (5) alcohol abuse in remission (20 CFR § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"] to perform the full range of work at all exertional levels but with the following non-exertional limitations: (1) unskilled, low-stress work defined as no assembly line

---

hereafter with an analysis of the merits of the parties' arguments concerning the sole issue presented in this appeal, *i.e.*, whether or not the ALJ's non-disability finding is supported by substantial evidence.

      production quotas and not fast paced; (2) no exposure to heights; (3) no exposure to hazards; and (4) no balancing.

6. The claimant is unable to perform any past relevant work (20 CFR § 404.1565).

7. The claimant was born [in] 1960 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 20, 1999, through the date of this decision (20 CFR § 404.1520(g)).

PageID 66-76.

    Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 44-46; *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on February 8, 2012. Doc. 1.

### B. Plaintiff's Hearing Testimony

    At the administrative hearing, Plaintiff testified that she is impaired due to diabetes and depression. PageID 81, 85-86. She has to take insulin injections at least four times per day. PageID 81. Plaintiff testified that she rarely leaves her house because of her need to closely

monitor her blood sugar levels. PageID 83-85. She was allegedly fired from her last job in May 2008 due to an incident where she was unable to control her diabetes. PageID 81-83. She has been hospitalized several times for diabetic incidents. The last time she was hospitalized was in mid-2008. PageID 100. She was not hospitalized at any point in 2009 or 2010 (through the date of the hearing). *Id*.

Plaintiff lives in a house by herself. PageID 78. She is able to drive, cook, wash dishes, clean her house, do her laundry, care for herself, and care for her pets. PageID 78, 88-90. She naps three times per day due to fatigue. PageID 87, 95-96. She does not do much walking during the day, and spends most of the day either on the couch or in bed. PageID 87-90.

Plaintiff smokes one-half pack of cigarettes daily; in the past, she smoked two packs of cigarettes per day. PageID 91. She testified that she does not drink alcohol, but acknowledged a past history of alcohol use which ended in 2008. PageID 98-99. She briefly attended Alcoholics Anonymous. *Id*.

Plaintiff stated that she does not believe she is able to control her diabetes while maintaining regular employment. PageID 96-98.

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on appeal is to determine: (1) whether the ALJ's non-disability finding is supported by substantial evidence; and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found a claimant disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from: (1) performing his or her past job; and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

      3.      Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

      4.      Considering the claimant's RFC, can he or she perform his or her past relevant work?

      5.      Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition.  *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. OPINION AND ANALYSIS

As a preliminary note, Plaintiff's pertinent medical records have been adequately summarized in her Statement of Errors, the Commissioner's memorandum in opposition, and the administrative decision, *see* doc. 8 at PageID 668-95; doc 12 at PageID 713-15; PageID 58-65, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant to its decision.

On appeal, Plaintiff alleges the ALJ erred by improperly weighing the opinions of her treating physician, Jeffrey Studebaker, M.D., and consultative examiners Damian Danopulos, M.D. and Stephen Halmi, Psy.D., with the other medical opinions and evidence of record.  Doc. 8 at PageID 696-702.

In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards.  The opinions of treating physicians are typically entitled to controlling weight.  *Cruse v. Comm'r of Soc. Sec.*, 502 F. 3d 532, 540 (6th Cir. 2007).  Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions

of treating physicians than to the opinions of non-treating physicians because: 'these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)).

Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and is not inconsistent with the other evidence of record. *Id.*; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Accordingly, an ALJ may properly reject a treating physician's opinion that does not meet these standards. *See* 20 C.F.R. § 404.1527(d)(2).

In February 2009, Dr. Studebaker opined that Plaintiff is "totally disabled and unable to perform full-time work activity." PageID 642. He further opined that Plaintiff is unable to perform work at the light or sedentary exertional levels. PageID 640. He also opined that Plaintiff is limited in her ability to lift, carry, stand, walk, sit, and perform a number of postures. Dr. Studebaker attributed these opinions to Plaintiff's COPD and back pain. PageID 636-42.

The ALJ accorded Dr. Studebaker's opinion -- that Plaintiff is unable to perform any work activity -- little weight on the basis that it is "not credible in light of the evidence of record." PageID 65-66. Although the ALJ found COPD to be a "severe impairment" at Step Two, she nonetheless noted, "[t]he record reflects [Plaintiff]'s COPD is mild with no exacerbations since 2008 and [Plaintiff] is still smoking on a daily basis against medical advice."

PageID 64-65.  The ALJ also found Plaintiff's allegations of back pain to be unsupported by objective medical evidence, as well as Plaintiff's own testimony at the administrative hearing.  In this regard, the ALJ reasoned, "[Plaintiff] did not testify that she had back pain.  [She] testified that she cannot work due to her diabetes, but Dr. Studebaker does not mention [Plaintiff]'s diabetes as a reason she cannot work."  PageID 65.

The ALJ's analysis regarding Dr. Studebaker's opinion is well supported by Social Security regulations and the medical evidence of record.  A treating source's opinion as to a claimant's employability is a legal conclusion, and not a "medical source opinion" as defined by Social Security regulations which the ALJ must accept.  *See* 20 C.F.R. §§ 404.1527(c)–(d).  Social Security regulations mandate that the question -- of whether or not a claimant is able to work -- is an administrative issue reserved solely to the province of the Commissioner.  *Id.*; *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  The treating physician opinion here -- that Plaintiff is unable to work -- is thus unentitled to controlling or deferential weight.  *See* 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will find that you are disabled"); *see also* Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *2 ("Whether an individual is 'disabled' under the Act.  The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner").

At the administrative hearing, Plaintiff spent the entirety of her testimony explaining that she is unable to work due to the difficulty she faces in controlling her diabetes.  *See* PageID 77-100.  Plaintiff's counsel likewise argued at the hearing that Plaintiff's inability to control her diabetes was the basis for a finding of disability.  PageID 104-05.  Nevertheless, Dr. Studebaker

-8-

-- the physician responsible for treating Plaintiff's diabetes for more than a decade -- did not consider her diabetes to be a basis for limiting her work-related activities. *See* PageID 636-40.

Plaintiff does not challenge the ALJ's findings regarding her diabetes, but instead argues that the ALJ should have accepted Dr. Studebaker's opinion that she was unable to work due to back pain and COPD. However, such an argument is without merit, especially considering no mention was made of Plaintiff's back impairments or COPD at any point during the hearing, and the medical evidence of record regarding those two impairments is minimal at best.

Despite the fact that Dr. Studebaker's treatment notes periodically document Plaintiff's subjective complaints of back pain -- and his occasional prescription of painkillers in response -- the treatment notes contain no objective test results; no objective observations of a limited range of motion; no notes regarding her posture or gait; no regular prescriptions of medication for back pain; no referrals for further testing or physical therapy; and no any other treatment for such an impairment. *See* PageID 406, 414-15, 427-28, 431, 625, 629. Likewise, upon examination, Dr. Danopulos found Plaintiff to have normal ranges of motion for her spine, shoulders, and extremities. PageID 470-73. As such, the ALJ properly discounted Dr. Studebaker's opinion regarding the severity of Plaintiff's back impairment because that opinion is unsupported by objective medical evidence, and inconsistent with the other evidence of record. *See Walters*, 127 F.3d at 530.

Regarding Plaintiff's breathing difficulties, the ALJ made no error in weighing the opinions of Dr. Studebaker, Dr. Danopulos, or others. Even though Dr. Danopulos opined that Plaintiff's breathing difficulties (caused by asthma and emphysema) are the bases for limiting her work-related activities, *see* PageID 468-69, state agency physicians Leslie Green, M.D. and Cindi Hill, M.D. conversely opined, after their respective reviews of the medical evidence of

record, that Plaintiff is capable of performing work at all exertional levels excluding occupations involving heights, balancing, and exposure to hazards. See PageID 522-29, 622. To the extent Plaintiff argues the ALJ erred because evidence exists in the record which supports a finding of disability, the Court finds such an argument unavailing. *See Buxton*, 246 F.3d at 772. It is the Commissioner's function to resolve conflicts in the medical evidence, *see Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987), and that is exactly what the ALJ reasonably did here.

The same holds true regarding the ALJ's consideration of Plaintiff's mental impairments. Although consultative examining psychologist Dr. Halmi assessed Plaintiff a Global Assessment of Functioning ("GAF") score of 30[4] -- indicative of disabling mental limitations -- he nevertheless found Plaintiff to be no more than moderately impaired[5] in her ability to maintain attention, concentration, and perseverance for an eight-hour work day; moderately impaired in her ability to deal with work stress; and mildly impaired in her ability to relate to others. PageID 455-62. The ALJ committed no error in rejecting Dr. Halmi's GAF assessment based upon Plaintiff's subjective reports of limitation -- while accepting the remainder of his findings -- in light of Dr. Halmi's own finding that Plaintiff was not markedly or extremely limited in any area of functioning. *See* PageID 64. Moreover, the ALJ's mental RFC finding -- that Plaintiff can work despite her mental impairments -- is well supported by substantial evidence, which

---

[4]Health care clinicians perform a Global Assessment of Functioning to determine a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. It is, in general, a snapshot of a person's "overall psychological functioning" at or near the time of the evaluation. Diagnostic and Statistical Manual of Mental Disorders, 4th ed., Text Revision at pp. 32-34 ("DSM-IV-TR"). A GAF score of 21 to 30 indicates one's "behavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment OR inability to function in almost all areas." DSM-IV-TR at 34.

[5]"Moderate" functional limitations are not suggestive of a disability. *See Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011) (noting that "moderate" functional limitations are "non-disabling").

includes the opinions of record-reviewing state agency psychologists Todd Finnetry, Psy.D. and Karen Terry, Ph.D., *see* PageID 482-97, 621, and the medical evidence of record. Such a finding is reinforced by the fact that, at the hearing, Plaintiff did not provide any testimony regarding how depression or anxiety interferes with her ability to work.

Given the contrary medical evidence of record, the ALJ acted well within the permissible "zone of choice" in her consideration of the opinions of Drs. Studebaker, Danopulos, and Halmi. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In addition, the ALJ complied with the Social Security regulations by providing "good reasons" for not giving controlling weight to Dr. Studebaker's opinion that Plaintiff is disabled. *See* 20 C.F.R. § 404.1527(d)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004).

It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The ALJ, not the Court, is the finder of fact. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g); *Richardson*, 402 U.S. at 401. Where, as here, there is substantial evidence supporting the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court would have resolved the disputed facts in Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987). The task of this Court is not to determine whether the record contains substantial evidence of disability. Rather, the Court's task is limited to determining whether the Commissioner's non-disability finding is supported by substantial evidence. In this matter, the record is so supported. *Mullen*, 800 F.2d at 548.

## IV. RECOMMENDATION

Based upon the foregoing, the Court finds Plaintiff's sole assignment of error to be without merit. The ALJ's decision is supported by substantial evidence, and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The ALJ's non-disability finding be found supported by substantial evidence, and **AFFIRMED;** and

2. This case be **CLOSED**.

January 28, 2013                                                          s/Michael J. Newman
                                                                          United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).