IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY E. PEASE,

        Plaintiff,        Case No. 3:12-cv-043

vs.        Judge Thomas M. Rose

CAROLYN W. COLVIN[1],        Magistrate Judge Michael J. Newman
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING PEASE'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY DETERMINATION AND TERMINATING THIS CASE**

_____

Mary E. Pease ("Pease") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits.[2] On January 28, 2013, United States Magistrate Judge Michael J. Newman entered a Report and Recommendations (doc. #14) recommending that the Commissioner's Decision be affirmed. Pease subsequently filed Objections (doc. #15) and the time has run and the Commissioner has

---

[1] Carolyn Colvin became Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit.

[2] On July 17, 2012, Pease's counsel filed a Suggestion of Death which indicates that Pease died on June 30, 2012 and that Pease's son, Jason Kinstle, is the interested party in this appeal. The Court accepts counsel's filing and this appeal may proceed even though Pease is deceased.

not responded to Pease's Objections. This matter is, therefore, ripe for decision.

Pease sought financial assistance from the Social Security Administration by applying for disability insurance benefits ("DIB") in June of 2007. Pease claimed that she was disabled since April 20, 1999, due to diabetes, asthma, chronic obstructive pulmonary disease, back pain and mental problems.

The Commissioner denied Pease's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia Lombardo ("Lombardo") held a hearing following which she determined that Pease is not disabled. The Appeals Council denied Pease's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Pease then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Pease's Objections (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Pease is not disabled in accordance with Social Security regulations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if

2

they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, Pease's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #14) in its entirety. The Commissioner's decision that Pease is not disabled in accordance with Social Security

regulations is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this 5th day of March, 2013.

.                                             **s/Thomas M. Rose**

                                             _____
                                           JUDGE THOMAS M. ROSE
                                           UNITED STATES DISTRICT COURT

Copies furnished to:
      Counsel of Record